IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY FREEMAN,

    Plaintiff,

v.

JOANNE B BARNHART,

    Defendant.

No. C 06-04900 JSW

**ORDER GRANTING EEOC'S MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by defendant United States Equal Employment Opportunity Commission ("EEOC"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for May 18, 2007 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants EEOC's motion to dismiss.[1]

**BACKGROUND**

In this action, Plaintiff alleges that the Social Security Administration, her former employer, discriminated against her on the basis of her race. (Compl., ¶ 1.) She alleges that she requested EEO counseling on July 12, 2004 and filed a formal complaint with the EEOC on January 14, 2005 regarding her allegations of employment discrimination. (*Id.*, ¶ 7.) She further alleges that she timely filed a request for a hearing with the EEOC but the administrative

---

[1] On May 15, 2007, the EEOC filed a motion for a protective order. This motion was filed in violation of the Court's standing order, which provides that "no motions regarding discovery disputes may be filed without prior leave of Court." Regardless, in light of the Court's order granting the EEOC's motion to dismiss, the Court denies the motion for a protective order as moot.

1  judge issued a decision without holding the requested hearing. (*Id.*) Plaintiff contends that the
2  EEOC's failure to provide her with a hearing violates 29 C.F.R. § 1614.109(g), which provides
3  that an administrative judge "may issue findings and conclusions without a hearing if some or
4  all material facts are not in genuine dispute and there is no issue as to credibility." (*Id.*, ¶¶ 53-
5  55.) The EEOC moves to dismiss Plaintiff's complaint against it, arguing that the Court lacks
6  subject matter jurisdiction over Plaintiff's claims against it.

## ANALYSIS

### A. Legal Standards on a Motion to Dismiss.

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004.) Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

### B. EEOC's Motion to Dismiss.

Plaintiff contends that she may bring an action under the Declaratory Judgment Act and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, based on the EEOC's alleged

2

failure to comply with federal regulations. More specifically, she argues that judicial review of the EEOC's conduct is available under section 704 of the APA, which provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

To the extent Plaintiff relies on the Declaratory Judgment Act, 28 U.S.C. § 2201-02, to provide jurisdiction, Plaintiff's reliance is misplaced. The Declaration Judgment Act does not provide an independent basis for jurisdiction. *Luttrell v. United States*, 644 F.2d 1274, 1275 (9th Cir. 1980) ("28 U.S.C. §§ 2201 and 2202 create additional remedies in the form of declaratory judgment relief for federal litigants, but do not in and of themselves confer subject matter jurisdiction on the courts.").

The APA does not assist Plaintiff either. The Ninth Circuit has held that the APA does not provide jurisdiction to review the EEOC's negligence or inaction in the internal processing of a complaint because such conduct does not have "determinate consequences" for a complainant "because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court; only the district court may fix liability." *Ward v. Equal Employment Opportunity Commission*, 719 F.2d 311, 313-14 (9th Cir. 1983). Moreover, the court found that the requirement that there be "no other adequate remedy in a court" was not met because the plaintiff in that action "could and did remedy the EEOC's failure to prosecute his discrimination charge diligently by directly suing his employer in federal court." *Id.* at 314. Similarly here, Plaintiff cannot demonstrate that she has "no other adequate remedy in a court" as required for judicial review pursuant to the APA because she is suing her former employer, the Social Security Administration, in this action for employment discrimination.

Alternatively, Plaintiff argues that this Court has jurisdiction to review the EEOC's conduct because it was contrary to its governing statute. However, none of the authorities proffered by Plaintiff actually stand for the proposition for which she cites to them. For example, Plaintiff contends that the Supreme Court recognized in *Leedom v. Kyne*, 358 U.S. 184, 188-190 (1958) that all suits challenging agency action are cognizable in federal court. (Opp. at 11.) Upon review of *Leedom*, the Court finds that it does not stand for such a broad

3

proposition. In *Leedom*, the Court noted that it had jurisdiction to review the plaintiff's claims regarding the National Labor Relations Board's certification proceedings under 28 U.S.C. § 1337 "unless the review provisions of the National Labor Relations Act destroyed it." *Id*. at 187. Notably, the National Labor Relations Board ("Board") did not contest that it had acted in excess of its powers and had caused an injury to the statutory rights of the employees. *Id*. The Board merely contended that the certification proceedings were not a final order and thus were shielded from judicial review by the provisions of the National Labor Relations Act ("NLRA"). *Id*. The Supreme Court reasoned that the NLRA did not preclude judicial review because the Court was not "reviewing" the Board's decision made within its powers, but rather, was examining an order "made in excess of its delegated powers and contrary to a specific prohibition in the Act." *Id.* at 188. Because the employees were deprived of a statutory "'right' assured to them by Congress," the district court had jurisdiction to prevent the deprivation of this right. *Id*. at 189.

In *Boire v. Greyhound Corporation*, 376 U.S. 473 (1964), another case relied on by Plaintiff (Opp. at 11), the Supreme Court explained its decision in *Leedom*, to allow judicial review of the Board's certification proceedings despite the provisions of the NLRA limiting review, was a narrow one, "characterized by extraordinary circumstances." *Boire*, 376 U.S. at 478-81 ("The [*Leedom*] exception is a narrow one, not be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law.").

Similarly, the issue presented in *Lepre v. Department of Labor*, 275 F.3d 59 (D.C. Cir. 2001), was whether the judicial review provision of the Federal Employees Compensation Act, 5 U.S.C. § 8128(b), precluded review of constitutional claims. *Id*. at 61. Premised upon the same rational, the Court in *Oestereich v. Selective Service System Local Board No. 11*, 393 U.S. 233 (1968), held that the provision of the Military Selective Service Act limiting judicial review was not applicable based on the circumstances before it. *Id*. at 235-37.

4

Unlike the above cases cited by Plaintiff, where it was undisputed that the district courts had jurisdiction over the subject dispute unless a statutory provision specifically precluded judicial review, Plaintiff has not provided any basis for jurisdiction over her claims against the EEOC in the first instance. Accordingly, the Court grants the EEOC's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court grants the EEOC's motion to dismiss and, thus, dismisses Plaintiff's complaint as against the EEOC. The case management conference set for May 18, 2007 at 9:00 a.m. is moved to May 18, 2007 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: May 16, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE