1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT

7
8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    KIMBERLY FREEMAN,

10          Plaintiff,                          No. C 06-04900 JSW

11   v.

12   MICHAEL J. ASTRUE,                         **PROPOSED FINAL JURY**
                                                **INSTRUCTIONS**
13          Defendant.

14   _____/

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

### DUTY OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  I am also providing each of you with copies of these instructions for you to consult in the jury room if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

1.    the sworn testimony of witnesses;

2.    the exhibits which have been received into evidence; and

3.    any facts to which the lawyers have agreed or stipulated.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you to interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. For example, the Court has stricken any evidence of negative treatment of Plaintiff's African-American co-workers.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

3

as testimony by a witness about what that witness personally saw or heard or did.

4

Circumstantial evidence is proof of one or more facts from which you could find another fact.

5

You should consider both kinds of evidence.  The law makes no distinction between the weight

6

to be given to either direct or circumstantial evidence.  It is for you to decide how much weight

7

to give any evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

6

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court

For the Northern District of California

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries  have been received in evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court

For the Northern District of California

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a government agency is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a government agency is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

**AGENCY HEAD AS DEFENDANT**

2

3        Title VII of the Civil Rights Act requires that the head of agency be made the defendant,

4   and that is why the defendant in this case is Michael J. Astrue, Commissioner of the Social

5   Security Administration.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**AGENT—SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**United States District Court**
For the Northern District of California

**ACT OF AGENT IS ACT OF PRINCIPAL —**

**SCOPE OF AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

1

**PRINCIPAL SUED BUT NOT AGENT – NO ISSUE AS TO AGENCY OR AUTHORITY**

2

3   Paula Singer, Bobbie Summers, and Vicky Currey were the agents of the Defendant

4   Michael J. Astrue, Commissioner of the Social Security Administration, and, therefore, any act

5   or omission of Paula Singer, Bobbie Summers, and Vicky Currey was the act or omission of

6   Mr. Astrue.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

### ELEMENTS OF EMPLOYMENT DISCRIMINATION CLAIM

3       Plaintiff claims that her race was a motivating factor for the Social Security

4   Administration's decision to terminate her employment as a service representative intern in the

5   Social Security Administration's Federal Career Intern Program on July 9, 2004.  In order to

6   prevail on her claim, Plaintiff has the burden of proving by a preponderance of the evidence

7   that:

8       (1) Plaintiff's employment was terminated by the Social Security Administration; and

9       (2) Plaintiff's race was a motivating factor in the Social Security Administration's

10  decision to terminate Plaintiff's employment.

11      If you find that the Plaintiff has proved both of these elements, your verdict should be

12  for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove either of these elements,

13  your verdict should be for the Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

1

**SIMILARLY SITUATED EMPLOYEES**

2

3       Plaintiff must prove, either directly or indirectly, that Defendant intentionally

4  discriminated against the Plaintiff.  Evidence that one or more similarly situated individuals

5  outside of the protected class received more favorable treatment may constitute indirect

6  evidence of discrimination.

7       In the context of an employment discrimination claim, an employee is similarly situated

8  to the plaintiff where he or she has a job that is similar in all material respects to plaintiff's job

9  and displayed conduct similar to the plaintiff's conduct.  For example, employees who have not

10  engaged in problematic conduct of comparable seriousness, or employees with differing levels

11  of responsibilities are not similarly situated.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**FINDING EMPLOYER'S EXPLANATION FALSE**

If you find that the Social Security Administration's explanation for terminating Plaintiff is false or unworthy of credence, you may, but are not required to infer from that fact that Defendant acted out of discrimination in its treatment of Plaintiff.

1

**NOT ALL DECISION-MAKERS NEED HAVE A DISCRIMINATORY MOTIVE**

2

3          If you find that Plaintiff has proven by a preponderance of the evidence that (1) because

4    of Plaintiff's race, a subordinate employee set in motion a proceeding by an independent, non-

5    biased decision-maker that led to the Plaintiff's termination; and (2) the termination decision

6    was not actually independent because the subordinate influenced or was involved in the

7    decision, then you should impute the subordinate's bias to the decision-maker.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

**DAMAGES-PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages.  Damages means the amount of money which will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.  The Plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.  You should consider the following:

Loss of enjoyment of life experienced; and

The mental, physical, emotional pain and suffering experienced.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Since the purpose of any award is solely to compensate the Plaintiff for injuries which she may have suffered as a result of discrimination, any award of compensatory damages must have a basis in the evidence and be reasonable in light of that evidence.  Further, you may not award damages in order to punish the Social Security Administration.  You may only award compensatory damages for those injuries that the Plaintiff has actually suffered or will likely suffer in the future as a result of the alleged discrimination.

**ELECTION OF FOREPERSON – SPECIAL VERDICT**

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.  A form of Special Verdict has been prepared for your convenience.  You will take this form to the jury room.

The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided below each question.  When you have finished the Special Verdict form, your foreperson will sign and date it, and advise the court that you are ready to return to the courtroom.

**United States District Court**
For the Northern District of California

**DUTY TO DELIBERATE**

You shall discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

United States District Court

For the Northern District of California

23

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


**IT IS SO ORDERED.**


Dated: December 12, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California