IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY FREEMAN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration

    Defendant.

No. C 06-04900 JSW

**ORDER DENYING PLAINTIFF'S POST-TRIAL MOTION**

Now before the Court is the motion for judgment as a matter of law or, in the alternative, for a new trial, filed by plaintiff Kimberly Freeman ("Plaintiff"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 20, 2009 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies Plaintiff's motion.[1]

**BACKGROUND**

Plaintiff contends that the Social Security Administration, her former employer, discriminated against her on the basis of her race. Plaintiff alleged the following claims against defendant Michael J. Astrue, Commissioner, Social Security Administration ("Defendant") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*: (1)

---

[1] In support of her motion, Plaintiff cites to evidence that she did not seek to admit at trial. In ruling on Plaintiff's motion, the Court will only consider evidence that was admitted at trial and evidence that Plaintiff sought to have admitted but was excluded.

1  "unlawful discrimination and harassment/hostile work environment based on race/color" and
2  (2) "unlawful discrimination based on retaliation." (Compl., ¶¶ 35-41, 43-49.) Before trial, the
3  Court granted summary judgment on Plaintiff's first claim to the extent it was premised on her
4  being subjected to a hostile work environment and on Plaintiff's retaliation claim that she was
5  terminated in reaction to her association with other employees who filed EEO complaints.
6  Thus, the only claim that Plaintiff tried before the jury was her claim that she was terminated
7  based on her race. The jury returned a verdict in favor of Defendant. Plaintiff now moves for
8  judgment as a matter of law or, in the alternative, for a new trial.

9  The Court shall address additional facts as necessary to its analysis in the remainder of
10 this Order.

## ANALYSIS

### A. Applicable Legal Standards.

A party suffering an adverse verdict that moved for a judgment as a matter of law prior to the verdict, "may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment." Fed. R. Civ. P. 50(b). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion, and that conclusion is contrary to that reached by the jury." *Acosta v. City and County of San Francisco*, 83 F.3d 1143, 1145 (9th Cir. 1996). In ruling on Plaintiff's motion, the Court must determine whether the evidence, when construed in the light most favorable to Defendant, "permits only one reasonable conclusion, and that conclusion is contrary the jury's verdict." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006); *see also Johnson v. Paradise Valley Unified School Dist.*, 251 F.3d 1222, 1226-27 (9th Cir. 2001). In ruling on the motion, the Court cannot make credibility determinations, weigh evidence, or draw inferences from the facts. *Johnson*, 251 F.3d at 1227.

A court may grant a new trial "if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting *Oltz v. Saint Peter's Community Hosp.*, 861 F.2d 1440, 1452 (9th Cir.

2

1988)). Unlike a motion for a judgment as a matter of law, when considering a motion for a new trial, the Court "can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). A trial court may not, however, grant a new trial simply because it disagrees with the jury's verdict. *4.0 Acres of Land*, 175 F.3d at 1139. Finally, if a motion for new trial is based upon an alleged evidentiary error, a new trial is warranted only if the party was "substantially prejudiced" by an erroneous admission of the evidence. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995)).

### B. Plaintiff Is Not Entitled to Judgment As A Matter of Law.

Plaintiff moves for judgment as a matter of law. Plaintiff's motion fails for two independent reasons. First, Plaintiff failed to move for judgment as a matter of law before this case was submitted to the jury. Making a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) is a prerequisite to moving for judgment as a matter of law pursuant to Rule 50(b) after judgment is entered. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 886-887 (9th Cir. 2002) (holding judgment as a matter of law was not available because defendant failed to comply with the procedural prerequisite of moving for judgment as a matter of law before the case was submitted to the jury); *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) ("A party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion."). The requirement to move for judgment as a matter of law before the case is submitted to the jury is construed strictly in the Ninth Circuit. *Janes*, 279 F.3d at 887 (citing *Farley Transp. Co. v. Santa Fe Trail Transp. Co.,* 786 F.2d 1342, 1346 (9th Cir.1986) ("the requirement that [a JMOL] motion be made at the close of all the evidence is to be strictly observed")). Although Plaintiff argues that she made a motion for judgment as a matter of law, the evidence to which she cites merely demonstrates that *Defendant* made a motion for judgment as a matter of law and that Plaintiff mentioned that she intended to file a motion for a new trial, without explaining any of her bases for such a motion. (Trial Transcript at pp. 947-

3

1  952, 1260-61 attached as Exhibit M to the Declaration of Mary Dryovage in Support of Reply,

2  Ex. M.)  Therefore, Plaintiff is precluded from making a post-verdict motion for a new trial.

3       Second, having considered the evidence presented at trial, and taking that evidence in

4  the light most favorable to Defendant as it must, the Court concludes that the jury reasonably

5  could have found that Defendant did not discriminate against Plaintiff when it terminated her.

6  *Acosta*, 83 F.3d at 1145.  Accordingly, Plaintiff has failed to meet her burden to show that

7  judgment as a matter of law is warranted, and her motion is denied.

8       **C.**    **A New Trial Is Not Warranted.**

9       Plaintiff seeks a new trial on several grounds.  The Court will address each basis in turn.

10 First, Plaintiff argues that the preponderance of evidence established that race was a factor in

11 her termination.  The Court finds that the jury's verdict in favor of Defendant is not contrary to

12 the weight of the evidence and that a new trial is not warranted to avoid a miscarriage of justice.

13 *4.0 Acres of Land*, 175 F.3d at 1139.  Plaintiff's motion for a new trial is denied on that basis.

14      Second, Plaintiff argues that the Court erred in excluding evidence pursuant to

15 Defendant's motions *in limine*.  A trial court has broad discretion in determining whether or not

16 to admit evidence.  *Ruvacalba*, 64 F.3d at 1328.  The Court considered and rejected Plaintiff's

17 arguments against Defendant's motions *in limine* before the pretrial conference and finds that

18 Plaintiff's arguments in her motion for a new trial do not warrant a new trial.  With respect to

19 the motions *in limine* on which the Court ordered Plaintiff to provide an offer of proof

20 (Plaintiff's motion *in limine* No. 2 to admit evidence relating to negative treatment of African-

21 American coworkers, Defendant's motion *in limine* No. 1 to exclude references to "negative

22 people," and Defendant's motion *in limine* No. 2 to exclude references to the EEO complaints

23 filed by coworkers), the Court excluded such evidence as a sanction due to Plaintiff's tardiness.

24      At the pretrial conference, the Court had admonished Plaintiff for having provided her

25 motions *in limine* to Defendant and submitting her memorandum of law in support of disputed

26 jury instructions late in violation of the Court's standing orders and warned Plaintiff that any

27 further tardiness would be sanctioned.  With respect to the offer of proof, the Court directed

28 Plaintiff to file and submit chamber's copies of her offer of proof by no later than 4:00pm on

4

November 21, 2008. Again, the Court warned Plaintiff that if she filed her offer of proof late *or* provided the chamber's copies late, Plaintiff would not be allowed to introduce any of the evidence sought to be admitted under her motion *in limine* No. 2 or sought to be excluded by Defendant's motion *in limine* Nos. 1 and 2. Despite these explicit warnings, Plaintiff filed her offer of proof on time *and* submitted the chamber's copies of her offer of proof after the Court's deadline had elapsed. Federal Rule of Civil Procedure 16(f)(1) authorizes the Court to issue orders, including those authorized by Rule 37(b)(2)(A), which includes "prohibiting the disobedient party from ... introducing designated matters into evidence," if a party fails to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1). The Court also has inherent power to impose sanctions "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Pursuant to Rule 16 and the Court's inherent powers, the Court denied Plaintiff's motion *in Limine* No. 2 and granted Defendant's motion *in limine* Nos. 1 and 2 as a sanction for Plaintiff's tardiness in violation of the Court's order.

At trial, the Court clarified that it had also considered and ruled on the merits of these motions *in limine*. Plaintiff has not demonstrated that the Court erred in these evidentiary rulings or that she was "substantially prejudiced" by the exclusion of such evidence. *See Ruvalcaba*, 64 F.3d at 1328.

Plaintiff also appears to argue that the Court erroneously excluded evidence beyond the scope of the *in limine* rulings. (Mot. at 7.) Upon review of the motions *in limine* and Plaintiff's offer of proof, the Court concludes that the evidence Plaintiff sought to admit at trial was not beyond the scope of the Court's *in limine* rulings. Moreover, even if any of the evidence Plaintiff refers to in her motion was beyond the scope of the *in limine* rulings, Plaintiff has not demonstrated that she was "substantially prejudiced" by the exclusion of such evidence. *See Ruvalcaba*, 64 F.3d at 1328.

Lastly, Plaintiff contends that the Court erroneously provided four jury instructions. Plaintiff argues that the Court erroneously instructed the jury not to consider any evidence of the negative treatment of Plaintiff's African-American co-workers. However, Plaintiff failed to

5

1  object to the Court's proposed instruction at the charging conference and thus waived this
2  argument. *See* Fed. R. Civ. P. 51 (requiring party to make objection "on the record, stating
3  distinctly the matter objected to and the grounds for the objection"); *see also Voohfries-Larson*
4  *v. Cessna Aircraft Co.*, 241 F.3d 707, 713-14 (9th Cir. 2001) (holding that no party may object
5  to an instruction unless they objected at the time of trial on grounds that were sufficiently
6  precise and noting that the Ninth Circuit "has long enjoyed the reputation as the strictest
7  enforcer of Rule 51"). Moreover, the Court is not persuaded that the instruction Plaintiff
8  proposed on this topic substantially differs from the instruction the Court gave. Therefore, the
9  Court's jury instruction on this matter does not warrant a new trial.

10  Plaintiff argues that the instruction regarding similarly situated employees was
11  erroneous because it instructed the jury that Plaintiff could not be considered similarly situated
12  to Teresa Galan. However the instruction simply provided the jury with the correct legal
13  standard on similarly situated employees in the Ninth Circuit. *Gilbrook v. City of Westminster*,
14  177 F.3d 839, 860 (9th Cir. 1999) (jury instructions must correctly state the law and not be
15  misleading).

16  Next, Plaintiff argues that the Court erred by failing to provide her requested instruction
17  regarding pretext because the case law supports her proposed instruction. However, Plaintiff
18  does not argue, nor could she, that the instruction provided by the Court regarding pretext
19  incorrectly stated the law. Because the instruction the Court gave comports with the law, the
20  Court finds that the jury instruction provided on this matter does not warrant a new trial.

21  Finally, Plaintiff argues that the Court erred by not giving her proposed instruction on
22  EEO investigations. However, as Defendant argues and Plaintiff does not contest, Plaintiff did
23  not present any evidence at trial that Defendant failed to investigate her EEO complaint.
24  Therefore, Plaintiff was not entitled to an instruction on this issue. *See United States v. Falsia*,
25  724 F.2d 1339, 1342 (9th Cir.1983) (a party "is not entitled to a jury instruction where there is
26  no evidence to support it...."). Accordingly, the Court finds that Plaintiff has not demonstrated
27  any erroneous jury instructions that would warrant a new trial, and her motion is denied.
28  ///

///

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for judgment as a matter of law or, in the alternative, for a new trial.

**IT IS SO ORDERED.**

Dated: February 18, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE